Argued February 25, affirmed March 18, 1974

GRIMES, *Petitioner, v.* PUBLIC EMPLOYE
RELATIONS BOARD ET AL (No. 205),
*Respondents.*
519 P2d 1270

*John S. Irvin,* Salem, argued the cause and filed the brief for petitioner.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

SCHWAB, C. J.

Petitioner, an employe in the state classified, i.e., civil, service, was discharged during her initial six-month trial service, i.e., probationary, period, hav-

ing received a notice that her termination was because of "[u]nfitness to render effective service because of inability to work well with fellow employes." The sole issue before us as stated by petitioner in her brief is:

"Does an employe in the classified service of the state of Oregon have a property interest in continued employment during the employe's trial service period and, thus, a right to a hearing prior to the state's termination of that employment for unsatisfactory service during the trial service period?"

We hold that a probationary civil service employe is not entitled under statute or constitution to a pretermination hearing.

ORS 240.410 (2) provides:

"At any time during his trial service period, after the first two months thereof, the appointing authority may remove an employe if, in the opinion of the appointing authority, the trial service indicates that such employe is unable or unwilling to perform his duties satisfactorily or that his habits and dependability do not merit his continuance in the service. Upon such removal, the appointing authority shall forthwith report to the administrator, and to the employe removed, his action and the reason therefor."

Contrary to petitioner's position we do not read "if, in the opinion of the appointing authority" as though it reads, "if, the appointing authority finds." If the legislature had desired that the appointing authority be required to justify its opinion in a hearing it could have said so. The language the petitioner relies on is nothing more than a legislative guideline for appointing authorities to follow in determining the merit of retaining a public employe. For similar holdings involving similar statutes, *see, Wilder-*

*man v. Nelson,* 467 F2d 1173 (8th Cir 1972); *Sayah v. United States,* 355 F Supp 1008 (CD Cal 1973); and *Heaphy v. United States Treasury Dept., Bur. of Customs,* 354 F Supp 396 (SD NY 1973).

Petitioner's contention that she was constitutionally entitled to a pretermination hearing is disposed of by *Papadopoulos v. Bd. of Higher Ed.,* 97 Adv Sh 669, 14 Or App 130, 511 P2d 854, Sup Ct *review denied* (1973), in which, relying on *Board of Regents v. Roth,* 408 US 564, 92 S Ct 2701, 33 L Ed 2d 548 (1972), we said:

> "* * * Employes who are in probationary status, either temporarily or permanently, have no property interest within the meaning of the Fourteenth Amendment. The constitution does not require that they be granted a pretermination hearing * * *." 14 Or App at 168.

Affirmed.